## UNITED STATES v. RILEY.

### No. 6253.

United States District Court
D. Rhode Island.

Jan. 30, 1952.

George F. Troy, U. S. Atty., Providence, R. I. (Joseph L. Breen, Asst. U. S. Atty., Providence, R. I., of counsel), for the United States.

Peter W. McKiernan, Providence, R. I. (Charles A. Kiernan, Providence, R. I., on the brief), for Charles J. Riley.

LEAHY, District Judge.

On April 2, 1951, the Grand Jury in the United States District Court for the District of Rhode Island returned indictment numbered 6253.

Indictment No. 6253 charged Charles J. Riley in eight counts with violations of Title 18 U.S.C. § 80 (1946 ed.),[1] the false claims statute. The offenses charged are alleged to have occurred in the calendar

1. See 1948 Revised Criminal Code, 18 U. S.C.A. §§ 287, 1001.

year 1947, the latest in point of time being on November 14, 1947.

The defendant was arraigned in this court and entered a plea of not guilty. The defendant was admitted to bail.

A motion was filed to dismiss the indictment on various grounds. One of the grounds for the motion involved the statute of limitations.

The motion was argued on all grounds and counsel have submitted briefs.

Counsel for defendant, among other things, argued that since the offenses alleged occurred in 1947 and the indictment was not returned until April 2, 1951, prosecution was barred by the three year statute of limitations, 18 U.S.C. § 3282.

The government argued that by virtue of the Wartime Suspension of Limitations Act of 1942, Title 18 U.S.C. (1946 ed.), § 590a,[2] the running of statutes of limitations in cases of fraud against the government was suspended for three years after the date of the President's Proclamation terminating hostilities in World War II. This proclamation was dated December 31, 1946 (12 Fed.Reg. 1).

Because two cases involving the precise point were before the Supreme Court of the United States, decision on the question involved here was postponed.

On January 7, 1952, the United States Supreme Court handed down decisions in United States v. Smith (United States v. Dailey), 72 S.Ct. 260.

The Supreme Court ruled in those cases that the Wartime Suspension of Limitations Act of 1942 applied only to offenses committed prior to the date of the Presidential Proclamation, December 31, 1946, and not to offenses committed thereafter. The decision of the Supreme Court in those cases is controlling in the instant case, because the offenses here are alleged to have been committed after December 31, 1946. There the court held that the three year statute of limitations applied, and affirmed the dismissal of the indictments.

Accordingly, the motion to dismiss the indictment by the defendant is granted, and indictment numbered 6253 is dismissed.

In view of this ruling, it is not necessary to consider other grounds set forth in the motion to dismiss.

Counsel may submit appropriate orders in accordance with this decision.

---

2. See 1948 Revised Criminal Code, 18 U.S.C.A. § 3287.